IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

OLOUMI SIAMAK,                    :
                                  :
        Petitioner,               :
                                  :
    v.                            :   CIVIL ACTION NO. 09-00115-CG-B
                                  :
TOMMY BUFORD[1], *et al.*,        :
                                  :
        Respondents.              :

## REPORT AND RECOMMENDATION

Oloumi Siamak, a native and citizen of Iran, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Siamak is no longer in ICE custody, having been released from ICE custody pending deportation.

---

[1]David O. Streiff is no longer the Warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, Tommy Buford, as Acting Warden of that facility, is hereby substituted for Streiff as a proper respondent in this action. See Fed.R.Civ.P. 25(d) ("The officer's successor is automatically substituted as a party .... The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

## I.   FINDINGS OF FACT

1.    Siamak acknowledges that he is a native and citizen of Iran and that he entered the United States on April 26, 2000, as a "nonimmigrant visitor." (Doc. 1, p. 2-3). According to Petitioner, he was taken into ICE custody on February 21, 2008, where he has remained since that date.  According to Siamak, an Immigration Judge ordered him removed from the United States on August 29, 2008. (Id.)

2.    On March 5, 2009, Siamak filed the instant petition for writ of habeas corpus, wherein he argues that he has been unlawfully detained in custody more than 6 months following the final order of removal. (Doc. 1).  Siamak does not contest the order of removal but instead seeks immediate release from custody pending deportation and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 6).  According to Siamak, he has cooperated fully with ICE; however, the Government has been unable to remove him to Iran. (Id. at 3-4).

3.    Respondents filed an Answer to Siamak's petition on June 3, 2009, wherein they advised the Court that Siamak was released from ICE custody and placed on supervised release on May 21, 2009.[2]

---

[2]The Order of Supervision, which appears to have been signed by Siamak on May 21, 2009, reflects that he resides in the state of New York.  (Doc. 9, Ex. 1).  However, the Court is unable to confirm Siamak's current address as his last notification to the Court listed his address as the Varick Federal Detention Facility in New York, New York. (Doc. 8)

(Doc. 9). Respondents contend that in light of Siamak's release from ICE custody, his habeas petition is now moot. (Id.)

## II.    CONCLUSIONS OF LAW

1.    "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody pending deportation to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.    The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Put another way, "a case

3

is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3. Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, supra, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, at *2 (W.D.N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4. Given the extant case law, the undersigned finds that Siamak's petition for habeas corpus relief is now moot because there exists no active case or controversy. Siamak has been released from ICE custody and is residing in New York state. Thus, this Court can no longer grant Siamak the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him. (See Doc. 9). Because there is nothing to remedy even if this

4

Court were disposed to do so, this action should be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

**III. CONCLUSION**

In light of the foregoing, the undersigned Magistrate Judge recommends that Siamak's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **4th** day of **June, 2009**.


        **/s/ SONJA F. BIVINS**
      **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**